Nash, J.
The plaintiff asks for a venire de novo on two grounds. The first, for error in the Judge in submitting to the jury the construction of the letter, which was given in evidence by the defendant. The second, for error in suffering the defendant to read to the jury the copy of the deed from John and John R. Lambert to John Lambert, Sen. for any purpose. In the argument here, the first ground has been properly abandoned, The instrument is so worded, that the Judge committed no error in law in submitting the construction to the jury. In admitting the paper purporting to be the copy of a deed of conveyance from the plaintiff and John R. Lambert, there wus error.
The deed had been proved and registered as to John R. Lambert, but not as to the plaintiff. His Honor rejected it as evidence of a conveyance of the title of the land, but upon notice to the plaintiff to produce the original, admitted it as evidence of a receipt of the money pr a portion of it, for which it was said the land sold.— But as far as the case discloses the fact, there was no evidence whatever, that the plaintiff had executed the paper, of which the one offered in evidence was alleged to be a copy. The supposed original therefore would not have been evidence against him. Upon what rule of evidence could the copy be ? The sole question presented to us at this time, being the competence of this evir dence, our view of the case is confined to it. And being of opinion that it was erroneously admitted, the judgment must be reversed and a venire de novo ordered.
Per Curiam Judgment reversed and venire de novo]